UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| KEVIN R. TUMEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00080-TWP-KMB |
| | ) | |
| FLOYD COUNTY ADMINISTRATION New Albany, IN, | ) | |
| NEW ALBANY (FLOYD COUNTY) POLICE DEPARTMENT City of New Albany, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Kevin R. Tumey, Sr.'s ("Plaintiff" or "Tumey") Request to Proceed in District Court Without Prepaying the Filing Fee (Filing No. 6). Because he is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.     DISCUSSION

### A.     Filing Fee

Plaintiff's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Filing No. 6) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS

106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.      Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**C.      Plaintiff's Complaint**

Plaintiff brings suit against Defendants Floyd County Administration and the New Albany Police Department pursuant to 42 U.S.C. § 1983. The lawsuit concerns his history of arrests, prosecutions, and convictions in Floyd County, Indiana, between 1992 and 2023. Plaintiff generally alleges:

> The Administration of Floyd County, subject[ed] me to years of Discrimination and False Arrest violation of my Civil Rights. Targeting and Racial profiling among

attempt to Intimidate and Ruin my Credibility to cover-up corruption, among a list of other things, many irregularities.

The City of New Albany Police Department, falsely arrested me from 1994–2018, around 50 to 55 times, as the Floyd County Administration was behind many of these arrest. I was subject to Racial comments in an attempt to, I assumed to use force against me, as I never responded to their comments.

(Filing No. 1 at 2).

Plaintiff further alleges that Defendants took the above alleged actions "in an attempt to stop and Inforce (sic), Interracial dating, particular among the Black Athletes, at New Albany High School and the City of New Albany." *Id.* at 3. Plaintiff asserts a variety of claims against Defendants, including false arrest, intimidation, unlawful detention, malicious prosecution, harassment, obstruction of justice, and defamation of character. *Id.* Plaintiff does not identify any relief requested but states he "will come out with relief at a later date unless it needs to be addressed now." *Id.* at 4.[1]

**D.      <u>Dismissal of Plaintiff's Complaint</u>**

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square*

---

[1] Plaintiff's omission of a specific request for relief is not fatal to the Complaint at this stage. *See Godfrey v. Easton*, 702 F.3d 469, 471 (7th Cir. 2017); Fed. R. Civ. P. 54(c).

*of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted).

Based on the current allegations of the Complaint, it appears this Court may not have jurisdiction to adjudicate Plaintiff's claims for several reasons. First, the New Albany Police Department is not a suable entity, so any claims against the Department itself are subject to dismissal. *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.").

Second, Plaintiff has not alleged that he was harmed because of a policy, practice, or custom of the Floyd County Administration (or Floyd County). *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Whiting v. Wexford Health Sources*, 839 F.3d 658, 664 (7th Cir. 2016) ("the *Monell* theory of municipal liability applies" to claims against Floyd County). Municipal entities "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005–06 (7th Cir. 2017). "The critical question under *Monell* . . . is whether a municipal (or

corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the action of the entity's agents." *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 379 (7th Cir. 2017). Plaintiff has not clearly and explicitly identified an alleged unconstitutional policy.

Regardless, an entity "cannot be liable under *Monell* when there is no underlying constitutional violation by" one of its employees. *Gaetjens v. City of Loves Park*, 4 F.4th 487, 495 (7th Cir. 2021) (internal quotation omitted). The Court cannot discern any facts from Plaintiff's allegations that would support a claim for the violation of Plaintiff's constitutional rights by any individual employee of Defendants. It appears from the Complaint that Plaintiff is trying to allege claims for dozens of constitutional violations committed by New Albany law enforcement, prosecutors, and judges over the course of decades. However, the Court cannot discern from the Complaint any actions taken by specifically-named, identifiable defendants that deprived Plaintiff of his constitutional rights. It is not clear from Plaintiff's allegations how each individual Defendant was involved and what they did to violate his rights that would give rise to a constitutional claim. Plaintiff must plead enough factual content to allow the Court to draw the reasonable inference that specific defendants are liable for the misconduct alleged. Plaintiff's general allegations that Defendants subjected him to years of discrimination, false arrests, racial profiling, and intimidation, without more detail about the alleged underlying incidents, does not sufficiently assert a claim for violation of Plaintiff's civil rights.

Further, to the extent Plaintiff is asserting claims against judges in New Albany or Floyd County, those judges have judicial immunity, and this Court would not have jurisdiction to adjudicate claims against them. Judges are entitled to absolute immunity when, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just

from ultimate assessment of damages."). Similarly, any claims against the prosecuting attorneys would be barred by prosecutorial immunity. "Prosecutors are protected by robust immunity from federal tort liability, whether common law or constitutional, . . . for acts they commit within the scope of their employment as prosecutors." *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (internal citation and quotation marks omitted).

Plaintiff's false arrest claims may also be barred by the existence of probable cause. "Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits." *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017). "In other words, if an officer has probable cause to arrest a suspect, the arrest was not false." *Id.* For example, the criminal docket for Plaintiff's January 2022 arrest for felony Intimidation of a Judicial Officer (Filing No. 1 at 3 ¶ 6) reflects that the court found probable cause on December 13, 2022, for his arrest. Finding of Probable Cause and Order, *State of Indiana v. Kevin R. Tumey*, No. 22D01-2212-F5-001958 (Floyd Sup. Ct. Dec. 13, 2022).[2]

Lastly, to the extent Plaintiff alleges a general grievance about the New Albany or Floyd County government, such grievance is not a viable claim properly before a federal court. "A generally available grievance about government—claiming only harm to . . . every citizen's interest in proper application of the Constitution and laws is not considered an injury for standing purposes." *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 819 (7th Cir. 2014) (internal citation and quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992) ("a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws . . . —does not state an Article III case or controversy").

---

[2] Orders that have been entered by a state court are public records and "appropriate subjects of judicial notice." *In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018).

Because Plaintiff has failed to state a claim upon which relief may be granted as currently pled, the Complaint is subject to dismissal for lack of jurisdiction.

**E.**    **Opportunity to Show Cause**

Plaintiff shall have through **Friday, August 25, 2023**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Plaintiff elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint should indicate the relief requested. And importantly, the amended complaint should demonstrate that jurisdiction is proper in this Court.

**II.**    **CONCLUSION**

Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Plaintiff is granted leave to file an amended complaint by no later than **Friday,**

**August 25, 2023**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

      **SO ORDERED**.

      Date:    7/25/2023

                                     Hon. Tanya Walton Pratt, Chief Judge
                                     United States District Court
                                     Southern District of Indiana

Distribution:

KEVIN R. TUMEY, SR.
6900 Deep Spring Court
Louisville, KY 40228